1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF ARIZONA**
7

8      Carolin Isabelle Hauser,                    CV-20-8138-PCT-JAT (JFM)
                 Plaintiff
                   -vs-
9      Elijah M. Smith, et al.,
                 Defendants.                               **Order**
10

11          Under consideration is Defendants' Motion for Attorney Fees filed September 28,

12   2021 (Doc. 126).

13          <u>**Background**</u> - On June 21, 2021, the Court vacated the stay of discovery, ordered

14   the parties to conduct a discovery planning conference on or before July 7, 2021, made

15   Plaintiff responsible for scheduling and initiating the conference, set a deadline of July 21,

16   2021 for the parties to file their resulting Joint Case Management Report, and set a

17   preliminary scheduling conference for July 28, 2021.  (Order 6/21/21, Doc. 104.)  The

18   parties did not comply.

19          On July 27, 2021, the Court ordered the parties to show cause why they should not

20   be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) and 37(f), and why the

21   case should not be dismissed for failure to prosecute.  Yavapai County Defendants

22   responded (Doc. 111), but no response to the Order or reply to Defendants' response was

23   filed by Plaintiff.

24          In an Order filed August 19, 2021, the Court concluded that Plaintiff's lack of intent

25   to seek discovery did not excuse her from complying with the Court's Order by

26   participating in the discovery planning process as previously ordered.    Thus, the Court

27   found sanctions were appropriate under Rule 16(f)(1) and (f)(2), and directed Defendants

28   to file a response to the Order addressing the appropriate sanctions.  Plaintiff was given

                                         - 1 -

seven days from service of such response to reply.  (Order 8/19/21, Doc. 119.)

Yavapai County Defendants responded (Doc. 120) arguing for dismissal or an award of fees.  Plaintiff did not respond.

In an Order filed September 14, 2021, the Court concluded that dismissal was unduly harsh, and directed Defendants to file an application for their expenses. (Order 9/14/21, Doc. 125.)

**Motion** – On September 28, 2021, Defendants file the instant Motion for Attorneys Fees (Doc. 126) seeking an award of $2,283.75 in attorneys fees.  The claimed fees are at rates of  $225.00 per hour and $170.00 per hour, for services on July 7, 17 and 26, 2021 (regarding the 26(f) conference), August 27, 2021 (regarding sanctions), and additional time spent on the application for expenses.  Defendants filed a Notice of Errata (Doc. 127), providing a signed statement of fees.

**Plaintiff's Response** – On October 5, 2021, Plaintiff filed a "Response to Yavapai County Defendants Response to Court Order (Doc. 119)" (Doc. 130).   In this filing, Plaintiff argues she should not be sanctioned, because she has complied with the Court's orders, opposes an award of expenses or dismissal, and demands summary judgment in her favor.

To the extent that Plaintiff intends this to be a reply to Defendant's Response (Doc. 120) to the Court's Order (Doc. 119) finding sanctions appropriate, it is untimely and will not be considered.  The Court's Order gave Plaintiff seven days from service of a response to reply thereto.  (Order 8/19/21, Doc. 119.)  That time expired on September 7, 2021. Plaintiff proffers no excuse for not timely replying.  Accordingly, the Court will not, on the basis of this filing, reopen its decision to award sanctions.

To the extent that Plaintiff intends this to be a motion for reconsideration of the orders finding sanctions appropriate (Doc. 119) and determining an award of expenses to be an appropriate sanction (Doc. 125), Plaintiff's filing is delinquent.  The latest such Order (Doc. 125) was filed on September 14, 2021.  Local Rule of Civil Procedure 7.2(g)(1) requires that motions for reconsideration be filed within 14 days of the order to

- 2 -

be reconsidered.  Plaintiff offers no good cause to excuse a delay in filing a request for reconsideration.

Moreover, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).  Here, Plaintiff did not file timely briefs, and thus any argument raised is "new."  Moreover, Plaintiff fails to show any newly discovered evidence or change in the law, and Plaintiff's summary assertions of compliance and that no sanctions are appropriate is insufficient to convince the Court that the original decisions on the propriety of and type of sanctions were clear error or manifestly unjust.

To the extent that Plaintiff intends this to be a motion for summary judgment, Plaintiff fails to comply with the requirements for a separate statement of facts, references to the record, of which she has previously been made amply aware.  (*See* Order 7/23/21, Doc. 109 (striking Plaintiff's Motion for Summary Judgment (Doc. 108); Order 8/12/21, Doc. 116 (striking Plaintiff's Motion for Summary Judgment (Doc. 112); Order 9/7/21, Doc. 124 (striking Plaintiff's Motion for Summary Judgment (Doc. 121).)  Although the Court must liberally construe Plaintiff's *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "*pro se* litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), and "in the ordinary civil case should not be treated more

favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).  At some point, the Court must begin to consider Plaintiff's repeated, procedurally deficient attempts at summary judgment, despite clear instructions on the procedural requirements, to be an abuse of process.

With regard to the amount of fees claimed by Defendants in the instant motion, Plaintiff's filing raises no argument in opposition.  Rule 16(f) directs an award of "the reasonable expenses—including attorney's fees—incurred because of any noncompliance."  Plaintiff does not suggest that the work claimed was not incurred because of the noncompliance, the work claimed was not actually performed, the hours spent unreasonable, the fees charged unreasonable, or the total amount claimed unreasonable.

**Defendants' Reply** – On October 10, 2021, Defendants filed a Reply (Doc. 131) pointing out the lack of opposition to the request for fees, and arguing Plaintiff provides no basis to avoid an award of fees for a sanction.

**Application of Law to Facts** – The Court's order for sanctions (Doc. 125) in the form of an award of reasonable fees and expenses remains in effect, and Defendants have made a showing of attorneys fee in the amount of $2,283.75 in attorneys fees incurred in complying with the order for a joint case management report and their application for fees. The Court finds the work underlying the fees was incurred because of Plaintiff's non-compliance.  Although Defendants were directed to undertake the discovery conference and preparation of the joint case management report, the value has been largely lost because Plaintiff disavowed an obligation to engage in the discovery planning process, failed to follow through, and Defendants have now been ordered to again undertake the completion of the planning process.  (*See* Order 9/14/21, Doc. 125.)  The Court finds the hours, rate, and total amount of fees to be reasonable in light of the issues in the case, the work required, and the results obtained.

**IT IS THEREFORE ORDERED:**

(A)  Defendants' Motion for Attorney Fees (Doc. 126) is **GRANTED**.

(B) Plaintiff must pay to Defendants, as a sanction, their attorney fees in the amount of $2,283.75.

Dated: October 15, 2021

20-8138-126o Order 21 10 14 on Motion for Attorney Fees.docx

James F. Metcalf
United States Magistrate Judge

- 5 -