**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolin Isabelle Hauser, | No. CV-20-08138-PCT-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Elijah M Smith, et al., | |
| Defendants. | |

Pending before the Court is Carolin Isabelle Hauser's ("Plaintiff") "Response to Doc. 140 Judge James F. Metcalf's Report & Recommendation." (Doc. 141).

## I. BACKGROUND

On November 24, 2021, Magistrate Judge James F. Metcalf submitted a Report & Recommendation ("R&R") recommending this Court to dismiss Plaintiff's case without prejudice for failure to comply with the Court's orders, award expenses to Defendants, including attorneys fees, related to Plaintiff's failure "to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)," and give Defendants leave to file a motion for expenses and attorneys fees. (Doc. 140 at 8–9 (quoting Fed. R. Civ. P. 37(f)).

## II. DISCUSSION

The Court's standard of review of a magistrate judge's R&R turns on whether the parties have timely objected. Fed. R. Civ. P. 72(b). The Court must review the Magistrate Judge's findings and recommendations "*de novo if objection is made*, but not otherwise."

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise'"); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object."). The Court need not conduct "any review at all … *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985) (emphasis added); *see also* 20 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

The Court is required to review *de novo* only the portions of the R&R to which there is an objection. *Accord Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases); *Warling v. Ryan*, CV-12-01396-PHX-DGC, 2013 WL 5276367, *2 (D. Ariz. September 19, 2013) ("A general objection has the same effect as would a failure to object") (internal quotations and citation omitted).

Here, while Plaintiff filed a Response to the R&R, nothing therein can be liberally construed as an objection to the substance of the R&R. (*See* Doc. 141). Thus, even assuming Plaintiff's Response could be fairly characterized as a general objection to the R&R or the recommended sanctions, the Court has no duty to review any issue in the R&R because Plaintiff did not raise any specific objections.

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. As such, this Court follows the 9th Circuit's more recent decision in *Reyna-Tapia* on this issue.

Accordingly, in the absence of specific objections to the R&R, the Court agrees with the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b). *See* 28 U.S.C. § 636(b)(1) ("A [district court judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge James F. Metcalf (Doc. 140) is accepted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as a sanction under Fed. R. Civ. P. 16(f). The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, based on the Court's finding that Defendant is entitled to attorneys fees as discussed in the R&R, Defendants are awarded expenses, including attorneys fees, under Fed. R. Civ. P. 37(f), but only to the extent entitlement has been shown. Defendant must establish the amount of its reasonable fees by motion. This motion must be filed within fourteen days of the date that this Order is entered. The motion for attorneys fees must be limited to reasonable attorneys fees incurred as a result of Plaintiff's failure to participate in framing the discovery plan, including expenses and fees incurred in connection with the filings at Dockets 121 through 139.

Dated this 5th Day of January, 2022.

James A. Teilborg
Senior United States District Judge