**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolin Isabelle Hauser,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Elijah M Smith, et al.,<br><br>　　　　Defendants. | No. CV-20-08138-PCT-JAT<br><br>**ORDER** |

Defendants filed a Motion for Attorneys' Fees (Doc. 145) purportedly pursuant to Local Rule 54(b)(2)[1] and this Court's January 5, 2022, Order (Doc. 144) adopting Magistrate Judge James F. Metcalf's Report & Recommendation recommending sanctions against Plaintiff for failure to participate in the case and failure to comply with the Court's orders. On February 25, 2022, the Court issued an Order warning Plaintiff that her failure to respond to Defendant's motion within 14 days of that Order would be grounds for the Court to "dispose of the motion summarily." (Doc. 146 at 2) (citing L.R. Civ. 7.2(i)). Plaintiff failed to respond to Defendant's motion or the Court's Order.

**I.    BACKGROUND**

Magistrate Judge Metcalf summarized the case background as follows:
> Plaintiff (who is not proceeding *in forma pauperis* and is not a detainee or prisoner) has filed a *pro se* Complaint (Doc. 1)

---

[1] While Defendants cite to L.R. Civ. 54(b)(2) for authority, L.R. Civ. 54(a) expressly excludes "claims for attorneys' fees and related expenses for violations of the Federal Rules of Civil Procedure" from its scope. As such, the Court finds that this motion would instead be governed by Federal Rule of Civil Procedure 54. Regardless of which Rule 54 applies, the motions practice in this case is governed by L.R. Civ. 7.2.

asserting, *inter alia*, claims under 42 U.S.C. § 1983 and state law. Plaintiff filed an Amended Complaint (Doc. 33) on November 3, 2020. Service proceeded and following motions to dismiss and a stay of discovery, answers have been filed and an Order (Doc. 104) was issued on June 21, 2021[,] requiring the parties to confer and submit their Rule 26(f) Joint Case Management Report by July 21, 2021.

The parties did not do so, and on July 27, 2021[,] the Court issued a **first Order to Show Cause** (Doc. 110) directing the parties to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 15(f) and 37(f). Plaintiff did not respond, but Defendants filed a Response (Doc. 111) arguing the parties had conferred, and a draft Report was sent to Plaintiff. Plaintiff did not respond with her modifications, and counsel again contacted Plaintiff, who declined to participate in preparing the Report because she did not intend to seek discovery. Defendants reported no further response from Plaintiff since the order to show cause. Defendants Response was filed August 3, 2021. A reply was due from Plaintiff no later than August 13, 2021. None was filed.

On August 19, 2021[,] the Court filed an Order (Doc. 119) concluding that "sanctions against Plaintiff are appropriate under Federal Rule of Civil Procedure 16(f). As Defendants reported to Plaintiff, her lack of intent to seek discovery did not excuse her from complying with the Court's Order by participating in the discovery planning process as previously ordered." (Order 8/19/21, Doc. 119 at 1.) Defendants were directed to file a response addressing the **appropriate sanctions**, and a deadline for Plaintiff to reply was set. (*Id.*)

On August 27, 2021, Defendants responded (Doc. 120) arguing that although Plaintiff participated in the planning conference, "Plaintiff then disengaged; refusing to provide additional information for the joint report, to authorize its filing, or preparing for or participating in those activities necessary to a meaningful Rule 16 Conference, and case processing including case discovery." (*Id.* at 2-3.) Defendants further reference "Plaintiff's history of unauthorized filings, submitting prolix and unnecessarily complex pleadings, and filing a motion for summary that ignored this Court's dismissal of a number of

- 2 -

claims. Plaintiff has shown this Court she is ready and willing to ignore Court Orders, and Rules, and litigate this case on her own terms – and unilaterally so." (*Id.* at 3.) Defendants equate Plaintiff's conduct to failure to prosecute and argue that support dismissal or at a minimum an award of expenses related to the JCMR, the "frivolous Rule 56 Motion," and "Plaintiff's unnecessarily long, and in many respects legally unsupported, pleadings." (*Id.* at 3-4.)

Plaintiff's time to reply expired on September 7, 2021. No reply was filed.

In an Order filed September 14, 2021, the Court observed that "Plaintiff's unwillingness to respond indicates that sanctions less drastic than dismissal…may not be effective, but that "the Court has not yet attempted lesser sanctions." (Order 9/14/21, Doc. 125 at 5.) Accordingly, the Court concluded that the appropriate sanction was an award of attorneys fees and set a deadline for Defendants to file their application for fees, and briefing thereon.

On September 28, 2021, Defendants filed their **Motion for Attorneys Fees** (Doc. 126), and subsequently a Notice of Errata (Doc. 127). On October 5, 2021, Plaintiff filed a ""Response to Yavapai County Defendants Response to Court Order (Doc. 119)" (Doc. 130). In that filing, Plaintiff argued she should not be sanctioned (because she had purportedly complied with the Court's orders), opposed an award of expenses or dismissal, and demanded summary judgment in her favor. Defendants replied (Doc. 131) pointing out the lack of opposition to the requested fees or valid basis to avoid the award.

The Court concluded this was untimely as a reply on the Order to Show Cause, or as a motion for reconsideration on the grant of sanctions. The Court further concluded the filing presented no basis for reconsideration, and failed to qualify as a motion for summary judgment. The Court concluded the requested fees were appropriate, and ordered Plaintiff to pay Defendants $2,283.75 in fees. (Order 10/15/21, Doc. 133.)

In the meantime, the Court continued to obtain Plaintiff's compliance with the Scheduling Order. In the Order on

- 3 -

sanctions (Doc. 125), the Court also set a process for completing the JCMR, including service of a draft on Plaintiff, service of proposed changes by Plaintiff, and filing of the joint report. Defendants filed their Notice of Service (Doc. 129) indicating service of the draft Joint Case Management Report on September 29, 2021. Plaintiff had not filed a notice of service of her proposed changes, which should have been served by October 12, 2021. According, on October 14, 2021, the Court issued a **second Order to Show Cause** (Doc. 132), requiring Plaintiff to show cause why this case should not be dismissed or other sanctions levied under Rule 16(f) or 37(f) as a result of Plaintiff's failure to serve her proposed changes to the joint case management report and to file a notice of service thereof.

On October 21, 2021, Plaintiff responded (Doc. 135). The Court observed that Plaintiff referenced various rules related to summary judgment which were unfamiliar to the Court and asserted a failure by Defendants to oppose the Amended Complaint. Plaintiff was directed to file a supplement providing quotations of and citations to the referenced rules and to confirm to the Court that Plaintiff was aware of the Defendants Answer (Doc. 102). (Order 10/26/21, Doc. 137.)

In the meantime Defendants filed a reply (Doc. 136) arguing that Plaintiff's Response did nothing to show cause for her failure to comply with the Court's Order, but instead simply repeated assertions that discovery should not be allowed. Defendants request a dismissal, with prejudice.

On November 4, 2021, Plaintiff filed her 83-page Supplement (Doc. 138) which fails to quote or cite the summary judgment rules referenced, and arguing that Defendants' Answer was untimely and thus her contentions in the Amended Complaint are unopposed and the motions to dismiss thus fraudulently filed. Plaintiff includes assertions that the procedures on summary judgment have not been made clear to her, that the undesigned is failing to follow the rules, and that the undersigned improperly identifies himself in various orders as "the Court," and therefore must recuse himself.

On November 9, 2021, Defendants filed their supplemental reply (Doc. 139), noting Plaintiff's failure to address the issues

> required, and instead asserting baseless arguments on default, summary judgment, and the lack of need for discovery. Defendants append a copy of an email forwarding Plaintiff a copy of their Answer on June 15, 2021, with a copy to follow by mail.

(Doc. 140 at 15) (emphasis in original) (footnotes omitted). After evaluating the relevant factors, Magistrate Judge Metcalf recommended that (1) the case be dismissed without prejudice as a sanction under Federal Rule of Civil Procedure 16(f); and (2) the Defendants be awarded their expenses and attorneys fees as a sanction under Federal Rule of Civil Procedure 37(f), limited to expenses "incurred since the expenses included in the prior award, *i.e.*, after August 27, 2021." (Doc. 140 at 8).

In the absence of Plaintiff's specific objections to Magistrate Judge Metcalf's Report & Recommendation, this Court summarily adopted it in its entirety. (*See* Doc. 143). Thus, the Court ordered that the case be dismissed without prejudice and that Defendants must file a motion for fees that is "limited to reasonable attorneys' fees incurred as a result of Plaintiff's failure to participate in framing the discovery plan, including expenses and fees incurred in connection with the filings at Dockets 121 through 139." (*Id.* at 3).

In lieu of complying with the Court's order, Defendants subsequently filed a Motion for Attorneys' Fees for $15,033.75, an amount that includes all of their incurred fees for the entire case other than the previously awarded $2,283.75.[2] (Doc. 145 at 1). Plaintiff did not respond.

## II. LEGAL STANDARD

"In any action or proceeding to enforce a provision of ... [42 U.S.C. §] 1983,1985 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Congress enacted § 1988 seeking to protect defendants from litigation that has no legal or factual basis. *Fox v. Vice*, 563 U.S. 826, 833 (2011). But, unlike prevailing plaintiffs, the court does not award prevailing defendants

---

[2] As noted in Defendants' Motion, the Court previously awarded Defendants' attorneys fees "incurred in complying with the order for a joint case management report and their application for fees," in the amount of $2,283.75, as a sanction against Plaintiff for failing to participate in the discovery planning process. (Doc. 133 at 4).

attorney fees under § 1988 jurisprudence simply because they succeeded in the case. *See Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). It has been noted by the Ninth Circuit that there is a "well-established rule that a defendant should only receive an award of attorneys' fees in extreme cases." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 646 (9th Cir. 1999); *see Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) ("Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances."). For a court to award attorneys' fees to a defendant under 42 U.S.C. § 1988, the defendant must be the prevailing party, and the claims brought by the plaintiff must be considered frivolous. *See Fox,* 563 U.S. at 833.

When deciding whether to award a prevailing defendant attorneys' fees pursuant to 42 U.S.C. § 1988, a district court must determine if the plaintiff's action was frivolous, meritless, unreasonable, or vexatious. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Id.*; *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980) (per curiam). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006). The frivolous standard is more strictly applied where the plaintiff is proceeding *pro se*. *See Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987).

### III. ANALYSIS

Defendants contend that a fee award of $15,033.75 is reasonable based on the legal fees incurred defending against Plaintiff's lawsuit, pursuant to (1) this Court's January 5, 2022, order; and (2) this Court's inherent discretion to award attorneys' fees to prevailing parties under 42 U.S.C. § 1988(b). (Doc. 145 at 1).

However, contrary to Defendants' assertions, this Court's January 5, 2022, Order is clear that Defendants were only entitled to those fees incurred *after* August 27, 2021 *and* related to Defendants' participation in the case regarding docket numbers 121 through 139. (Doc. 143 at 3 (adopting Doc. 140)). Thus, the Court cannot find Defendants' attorneys'

fees for the entire case reasonable based on its limited Order.

Moreover, although the Court has discretion to award attorneys' fees for the entire case under 42 U.S.C. § 1988(b) because Defendants prevailed, Defendants have not shown entitlement to such an award under 42 U.S.C. § 1988(b) because Defendants' entitlement arguments are entirely based on the Court's January 5, 2022, Order, which is quite limited in scope. Indeed, no portion of Defendants' brief discusses Plaintiff's asserted claims or argues why such claims are frivolous, as required. And while the Court may be able to distill from the Jellison Law Offices Slip Listing (Doc. 145-3) what fees Defendants incurred for the limited period of entitlement shown, the Court finds that Defendants waived their right to collect those limited fees because they did not comply with the requirements of this Court's January 5, 2022 Order. In other words, because Defendants chose not to file a motion specifically addressing the reasonableness of the limited fees incurred regarding docket numbers 121 through 139, those arguments are waived and the Court declines to award any fees to Defendants.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. 145) is DENIED.

Dated this 4th day of April, 2022.

James A. Teilborg
Senior United States District Judge